JOE HENSLEY, Petitioner *v.* the STATE OF MONTANA, Respondent.

No. 10897
Decided January 14, 1965.
398 P.2d 69.

William Dee Moris (argued) Butte, for appellant.
Alfred Coate (argued) Helena, for respondent.

PER CURIAM:

On December 9, 1964, Joe Hensley, an inmate of the Montana State Prison, appearing by counsel, filed a petition for a writ of habeas corpus. Counsel was heard ex parte and in view of the allegations of the petition which raised questions of law the court desired the benefit of the official records of the judgment and status of the petitioner in the state prison and ordered the attorney general to procure such records and he and counsel for the petitioner were directed to submit written briefs as to

508

the applicable law and appear for argument on January 11, 1965.

Pursuant to such order counsel for petitioner and the attorney general submitted written briefs and appeared and orally argued the matter. In the petition, two contentions were made. First, that the petitioner had been convicted on two counts of the crime of uttering and delivering a fraudulent check, a felony, and that he had been ordered confined in the state prison for a term of one year on count one and one year on count two and no provision in the judgment had provided that the sentences should run consecutively and petitioner contended that in the absence of such a provision the sentences should run concurrently. Second, that the conviction on count two should have been of a misdemeanor and not a felony. At the time of the argument counsel for petitioner conceded that he had not been aware of the complete fact situation which resulted in the conviction on count two and abandoned the issue raised thereon.

As to the first contention, section 94-4716, R.C.M.1947, provides:

"When any person has been convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

The judgment of conviction in this matter provides that petitioner be sentenced to "confinement in the State Prison at Deer Lodge, in Powell County, State of Montana, at hard labor, for the term of one year on count one and one year on count 2."

Petitioner was delivered to the prison on September 20, 1963, and began serving the first sentence and after being credited with three months and seven days of good time he was released

on the count one sentence on June 12, 1964, and commenced serving the second count sentence. It appears that there existed some confusion in the state prison as to the manner in which the two sentences were to be served, but this confusion was resolved and the prison records corrected so that the provisions of section 94-4716, supra, were followed.

Petitioner asserts that unless the judgment provided that the sentences were to run consecutively then they must run concurrently. Petitioner contends the judgment is uncertain as to how the sentences should be served and that ambiguity exists which should be resolved in his favor. However, section 94-4716, supra, provides otherwise and such contentions are not meritorious.

For these reasons the application for writ is denied and the proceeding is dismissed.